IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

NATIONWIDE MUTUAL
INSURANCE COMPANY,

ORDER

Petitioner,

08-cv-673-bbc

v.

WESTCHESTER FIRE
INSURANCE COMPANY,

Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

This is an application to confirm an arbitration award brought pursuant to 9 U.S.C.

§ 9.  Although petitioner has moved for confirmation of the arbitration award and briefing

has been set on the matter, it has come to my attention that petitioner has not set forth the

grounds for subject matter jurisdiction over this case.  Arbaugh v. Y & H Corp., 126 S. Ct.

1235, 1237 (2006) (court has independent obligation to insure that subject matter

jurisdiction exists).  Although the Federal Arbitration act allows parties to apply for

confirmation of an arbitration award, that act does not by itself provide subject matter

jurisdiction for any dispute.  Wisconsin v. Ho-Chunk Nation, 463 F.3d 655, 659 (7th Cir.

1

2006).  Instead, "there must be diversity of citizenship or some other independent basis for federal jurisdiction to address an arbitration dispute." Id.  Petitioner contends that diversity jurisdiction exists, but it must set forth evidence to establish the amount in controversy and complete diversity of citizenship as required by 28 U.S.C. § 1332.

Although petitioner includes some allegations regarding the parties' diversity of citizenship and the amount in controversy, petitioner must establish that the complete diversity and amount in controversy requirements are met.   Chase v. Shop n' Save Warehouse Foods, Inc., 110 F.3d 424, 427 (7th Cir. 1997).   Petitioner's allegations regarding the ground for diversity jurisdiction are incomplete.  It alleges that the amount in controversy is greater than $75,000 and that respondent is a corporation organized and existing under the laws of the State of New York, with its principal place of business in Philadelphia, Pennsylvania.  However, it fails to allege sufficient facts regarding its own citizenship.

Petitioner alleges that it is a *company* organized and existing under the laws of the State of Wisconsin with its principal place of business in Wisconsin.  The citizenship of an entity is not determined by the state under which it is organized and its principal place of business unless it is a *corporation*.  If, as it appears, plaintiff is an unincorporated entity, its citizenship is the citizenship of each of its members. Commonwealth Insurance Co. v. Titan Tire Corp., 398 F.3d 879, 881 n.1 (7th Cir. 2004) (unincorporated entities are citizens of

2

every state of which any member is a citizen); Thomas v. Guardsmark, LLC, 487 F.3d 531,

534 (7th Cir. 2007) (citizenship of limited liability company is citizenship of each of its

members).  Moreover, before I may enter an order confirming arbitration, petitioner must

set forth *evidence* of the grounds alleged for subject matter jurisdiction, such as sworn

affidavits.  Fed. R. Civ. P. 56(e); Sparing v. Village of Olympia Fields, 266 F.3d 684, 692

(7th Cir. 2001).

It is likely that petitioner can establish the grounds for diversity jurisdiction; however,

it would be a waste of limited judicial resources to proceed further in a case where

jurisdiction may not be present.  Therefore, I will give petitioner until January 8, 2009 in

which to submit evidence sufficient to establish the diversity of citizenship between itself

and respondent.  If respondent wishes to dispute that evidence, it may do so when it files its

brief in opposition to petitioner's motion to confirm the arbitration award, which has been

scheduled as due January 21, 2009.


ORDER

IT IS ORDERED that petitioner Nationwide Mutual Insurance Company may have

until January 8, 2009 in which to submit evidence sufficient to establish the amount in

controversy and diversity of citizenship between it and respondent.  Respondent may dispute

the evidence submitted by petitioner in the context of its brief in opposition to petitioner's

motion to confirm the arbitration award.  Petitioner's failure to comply with this deadline

will result in the dismissal of the case for lack of subject matter jurisdiction.

Entered this 31st day of December, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

4